IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Jimmy Campbell, Jr.,                    )
                                        )        Civil Action No.8:06-2643-TLW-BHH
                        Petitioner,     )
                                        )
            v.                          )        **REPORT AND RECOMMENDATION**
                                        )        **OF MAGISTRATE JUDGE**
Warden of Broad River                   )
Correctional Institution,               )
                                        )
                        Respondent.     )
                                        )

        The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code,

Section 2254.  This matter is before the Court on the respondent's motion for summary

judgment, and the petitioner's motions for summary judgment and to appoint counsel.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial

petitions for relief and submit findings and recommendations to the District Court.

        The petitioner brought this habeas action on September 21, 2006.[1]  On January 22,

2007, the respondent moved for summary judgment.  By order filed January 22, 2007,

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised

of the summary judgment dismissal procedure and the possible consequences if he failed

to adequately respond to the motion.  On February 2, 2007, the petitioner filed a response

to the respondent's motion and his own motion for summary judgment.

## PROCEDURAL FACTS

        The petitioner is currently a state prisoner housed in the Broad River Correctional

Institution.  In January 2001, the Fairfield County Grand Jury indicted the petitioner for

---

[1]This date reflects that the petition was date stamped as received on September 21, 2006, at the Broad River Correction Institution mailroom. (Docket Entry #1 Ex. 3.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

burglary.  Between April 9-11, 2001, the petitioner, who was represented by attorney Robert Fitzsimmons, was tried, convicted as charged, and sentenced to twenty years.  The petitioner filed a timely direct appeal.[2]

On February 6, 2002, the petitioner filed an *Anders*[3] brief raising one issue: whether "the trial court erred in refusing to exclude testimony of the burglary victim's identification of appellant while he was confined in the back of a police car where the procedure was suggestive and the victim identified appellant by name but did not see the perpetrator's face during the burglary?"  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 1.)  On August 28, 2002, the South Carolina Court of Appeals dismissed the petitioner's appeal.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 2.)   On September 30, 2002, the South Carolina Court of Appeals remitted the case back to the trial court.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 3.)

On June 30, 2003, State Circuit Court Judge filed an order denying a motion for a new trial based upon after discovered evidence.[4]  This motion is not in the record and there is no evidence in the record as to when the petitioner filed this motion.  On September 9, 2003, the South Carolina Court of Appeals entered an order dismissing an appeal on the ground that there was no proof of service of the notice of appeal and directing the case be remitted in fifteen days.  ((Pet. Exs. at 11; Resp. Mem. Supp. Summ. J. Mot. at 3.)

On October 27, 2003, the South Carolina Supreme Court dismissed the notice of an appeal filed by the petitioner on the ground that the petitioner had not petitioned the Court

---

[2]Although the record does not contain the date the petitioner filed his direct appeal, the PCR court refers to it as "timely." (Resp.'s Mem. Supp. Summ J. Mot. Ex.  10 at 2.)

[3]*Anders v. California*, 386 U.S. 738 (1967).

[4]The respondent states the order was signed April 27, 2003.  However, the undersigned is of the opinion that the handwritten date on the order is actually June 27, 2003.  Further, the undersigned notes that April 27, 2003, was a Sunday.

of Appeals for a rehearing and the remittitur had been sent down to the trial court ending appellant jurisdiction.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 4.)

On December 8, 2003, the petitioner filed an application for post-conviction relief ("PCR") in which he alleged the following grounds for relief:

1. Perjured testimony;

2. Ineffective assistance of counsel; and

3. Denial of right to fair trial.

(Resp.'s Mem. Supp. Summ J. Mot. Ex. 8.)  On January 31, 2005, the petitioner filed a memorandum supporting his PCR application in which he addressed ten issues relating to ineffective assistance of counsel and the trial court's lack of subject matter jurisdiction. (Resp.'s Mem. Supp. Summ J. Mot. Ex. 9.)

On August 9, 2005, a hearing was held and the petitioner was present and represented by attorney Gwendlyne Young Smalls.  On October 17, 2005, the Honorable Kenneth Goode dismissed the petitioner's PCR application finding that, other than the lack of subject matter jurisdiction claim, the petitioner's PCR application should be dismissed for failure to comply with the filing procedures of the state's PCR Act.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 10 at 3-7.)

On November 4, 2005, the petitioner filed a pro se motion to reconsider.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 11.)  Judge Goode denied the motion on November 21, 2005.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 13.)  Prior to this, on October 27, 2005, the petitioner's PCR counsel  had filed a notice of appeal with the South Carolina Supreme Court.   (Resp.'s Mem. Supp. Summ J. Mot. Ex. 14.)  On October 31, 2005, the South Carolina Supreme Court sent the petitioner's PCR counsel a letter explaining that she was to provide an explanation as to why the PCR court's determination that the petitioner's PCR application was time-barred was improper. (Resp.'s Mem. Supp. Summ J. Mot. Ex. 15.)

The petitioner's PCR counsel informed the court that she had merely filed the notice of appeal on behalf of the petitioner and she believed appellate defense would be handling the petitioner's appeal. (Resp.'s Mem. Supp. Summ J. Mot. Ex. 16.) On November 16, 2005, the South Carolina Supreme Court dismissed the appeal based upon the petitioner's failure to provide an explanation.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 17.)  The remittitur was sent down December 2, 2005.  (Resp.'s Mem. Supp. Summ J. Mot. Ex. 18.)

On September 21, 2006, the petitioner filed this habeas action raising the following grounds (verbatim):

**Ground One**:  Petitioner never was given any preliminary hearing under 1962 Code-26-142; and Code 1962-43-232.
**Supporting Facts**:  Under the statutes above, Petitioner can't be indicted unless there is probable cause and it is established in a preliminary hearing or the indictment will be void. The State never had jurisdiction to even have a trial. These Codes are a mandatory provision, and mandatory statute. The State lacked subject matter jurisdiction and my own lawyers helped it.

**Ground Two**: Petitioner's 1, 4, 5, 6, 8, and 14th Amendments was violated by the defendants in my appeals and trial.
**Supporting Facts**:  The lack of subject matter jurisdiction was not argued in my direct appeal, and it was a fictitious appeal, and my appeal was not perfected under S.C. Supreme Court law. All my petitions were decided and was used to suppressed me by every lawyer appointed to me by the State.

**Ground Three**: This conviction is a fundamental miscarriage of justice and prejudice, and violation of Federal law.
**Supporting Facts**:  Petitioner was never given a preliminary hearing in State Court rendering under statute his indictment void. My substantive right and procedural due process under the 5th and 14th Amendments  were violated and the State Court never had any jurisdiction to hear this case.

**Ground Four**: Grand Jury had no jurisdiction to indictment because preliminary hearing was not given under statute.
**Supporting Facts**: Petitioner was not protected against vindictive prosecution and the unfounded charge he is sentence too. They must take their duty seriously. The Grand Jury foreman or panel member can object to unfounded indictments. Jurors share the blame with a prosecutor who indicts illegally. A case must be reviewed to see if they have a basic degree of merit before sending them for indictment. Preliminary hearings is policy under state law.

(Pet. 6-11.)

4

The respondent has filed a motion for summary judgment on the ground that this habeas action is barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and fails to state a cognizable habeas claim. (Resp. Mem. Supp. Summ J. Mot. at 1, 10.)

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### Statute of Limitations

The respondent asserts that this habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

Further, as noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

The petitioner was convicted on April 11, 2001, and he thereafter filed a timely direct appeal. On August 28, 2002, the South Carolina Court of Appeals affirmed the petitioner's conviction and sentence and the remititur was sent down September 30, 2002.

At some point, the petitioner filed a motion for a new trial with the circuit court judge.[5] The circuit court judge denied the motion on June 27, 2003, and the petitioner attempted to appeal this order. However, on September 9, 2003, the South Carolina Court of Appeals entered an order dismissing the petitioner's appeal because there had been no proof of service of the notice of appeal. (Pet. Exs. at 11.) The South Carolina Court of Appeals

---

[5]As noted earlier, the motion is not in the record.

directed the case be remitted back to the lower court in fifteen days or September 24, 2003.

(*Id.*) Therefore, assuming that this motion also tolled the statute of limitations, the

petitioner's one year began to run on September 25, 2003.

The petitioner filed for PCR on December 8, 2003, tolling the one year time period.

At this point, 75 days had run, leaving the petitioner 290 days to file a habeas action once

his PCR was concluded. The PCR court dismissed the petitioner's PCR application on the

ground it was time-barred except for the issue of subject matter jurisdiction. The petitioner's

PCR proceeding was concluded on November 16, 2005, when the South Carolina Supreme

Court dismissed the appeal.[6] (Resp.'s Mem. Supp. Summ J. Mot. Ex. 17.) Accordingly, the

clock began to run again on November 17, 2005, and the petitioner had 290 days to file this

habeas petitioner or until September 5, 2006.[7] The petitioner did not file this habeas action

until September 19, 2006, which is untimely. Accordingly, the petition is barred and should

be dismissed. However, out of an abundance of caution, the court will address the grounds

which the petitioner raises in his petition.[8]

---

[6]Prior to the dismissal, the South Carolina Supreme Court sent a letter to the petitioner's PCR counsel stating that the PCR court had found the PCR time-barred and requesting an explanation as to why this determination was improper. The court also cited *State v. Gentry*, 610 S.E.2d 494 (2005), where the court held that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong" and that "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." Arguably, because the South Carolina courts ruled the petitioner's PCR application was untimely, its filing did not toll the statute of limitations. *Pace*, 544 U.S. 414. (holding if state court clearly ruled the PCR untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.") However, the PCR court also specifically stated that the issue of subject matter jurisdiction was not time-barred. Accordingly, the court declines to find the filing of the petitioner's PCR did not toll the time period.

[7]The last day of the time period falls on Saturday, September 2, 2006, and the following Monday was a holiday, Labor Day. Thus, the time is extended until September 5, 2006.

[8]Furthermore, the petitioner does not argue that he is entitled to equitable tolling and, indeed, it does not appear that he is so entitled. In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held:

**Merits of Habeas Petition**

Even assuming that this habeas petitioner is timely, the petitioner fails to allege a cognizable federal habeas corpus claim.  The petitioner has raised four grounds for relief. Grounds One, Three, and Four revolve around the petitioner's claim that the state circuit court did not have subject matter jurisdiction.   Ground Two alleges appellate counsel was ineffective, in part, for failing to raise the lack of subject matter jurisdiction.[9]

### Subject matter Jurisdiction

The petitioner raises three claims based upon the trial court's lack of subject matter jurisdiction.  The PCR court dismissed the petitioner's PCR claim after it determined that the trial court had subject matter jurisdiction based upon the South Carolina Supreme Court's holding in *State v. Gentry*, 610 S.E.2d 494 (2005).  As noted above, in *Gentry*, the

---

"As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.*  at 330.

[9]Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) The PCR court found the petitioner's PCR application untimely except for the petitioner's subject matter jurisdiction claim.  The PCR court addressed that issue on the merits and denied the petitioner relief based on state law grounds. The South Carolina Supreme Court affirmed. Because the PCR addressed the merits of the petitioner's subject matter jurisdiction claims, the undersigned declines to find the petitioner's habeas claims, also relating to subject matter jurisdiction, are procedurally defaulted.

9

South Carolina Supreme Court held that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong" and that "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters."  A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter which is cognizable in federal habeas corpus. *Wright v. Angelone*, 151 F.3d 151 (4th Cir.1998); *Wells v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").  Claims involving the application and interpretation of a state statute and state court rules are not cognizable in federal habeas actions.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding "[i]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.")

As to the petitioner's specific claim that the trial court lacked subject matter jurisdiction based upon the failure to hold a preliminary hearing, this claim is also without merit.  In addition to this issue being a state -law question, the court notes that a defendant is not entitled to preliminary hearing either by federal or state constitutional law or state court rule after the grand jury had determined probable cause.  *State v. Keenan*, 296 S.E.2d 676, 678 (S.C. 1982).  Habeas corpus relief is only available to a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "'[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  The petitioner has not alleged or shown that his conviction violates federal law, and therefore his claims based upon the trial court's lack of subject matter jurisdiction (Grounds One, Three, and Four) should be dismissed.

10

**Ineffective Assistance of Counsel**

As to the petitioner's claim of ineffective assistance of appellate counsel, a defendant does have a constitutional right to the effective assistance of appellate counsel. *Evicts v. Luce*, 469 U.S. 397, 396-97 (1985). In order to establish an ineffective assistance of appellate counsel claim, a defendant must demonstrate "that his counsel was objectively unreasonable in failing" to identify and argue an issue, and "a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Reviewing courts must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993). Counsel is not obligated to assert all nonfrivolous issues on appeal, as "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). Winnowing out weaker arguments and focusing on those more likely to prevail is the hallmark of effective appellate advocacy." *Id*. at 751.

Specifically, the petitioner contends his direct appeal was  "a fictitious appeal" and not perfected and his appellate counsel should have raised the issue of subject matter jurisdiction.    (Pet. at 7.)   As discussed above, pursuant to *Gentry, 610 S.E.2d 494,*  the trial court had subject matter jurisdiction.  Accordingly, counsel was not ineffective in failing to raise a subject matter jurisdiction issue, as any such motion would have been wholly without merit.  *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir.1999).  Further, the petitioner's vague allegation that the appeal was a "a fictitious appeal" does not state a cognizable habeas claim. *Jones v. Polk*, 401 F.3d 257 (4th Cir. 2005)(speculative and vague allegations will not support habeas claim in federal court).  Therefore, the petitioner's claim of ineffective assistance of counsel should also be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#16) be GRANTED; the Petitioner's Motion for Summary Judgment (#18) be DENIED; and the habeas petition be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED, if the District Court adopts this report, that the Petitioner's Motion to Appoint Counsel (#7) be DENIED as moot.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

May 21, 2007
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).