IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmy Campbell, Jr., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden of Broad River Correctional )<br>Institution, Henry McMaster, Attorney )<br>General of the State of South Carolina, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No.:8:06-2643-TLW-BHH |

# ORDER

On September 21, 2006, the petitioner, Jimmy Campbell, Jr., ("petitioner") proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. (Doc. #1).[1] The case was automatically referred to Magistrate Judge Bruce Howe Hendricks pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. The respondents, Warden of Broad River Correctional Institution and Henry McMaster, Attorney General of the State of South Carolina ("respondents") filed a motion for summary judgment, supported by copies of portions of the state court record, on January 22, 2007. (Doc. #'s15, 16)[2]. On that same day, January 22, 2007,

---

[1] This date reflects that the petition was date stamped as received on September 21, 2006, at the Broad River Correction Institution mailroom. (Doc. #1, Ex.3). Houston v. Lack, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

[2] In the Report, the magistrate judge refers to "respondent" instead of respondents. It appears that respondents, Warden of Broad River Correctional Institution and Henry McMaster, Attorney General of the State of South Carolina, filed this motion together. (Doc. #'s 15, 16).

1

Magistrate Judge Hendricks issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of his responsibility to properly respond to the motion for summary judgment. (Doc. #17). Petitioner filed a motion for summary judgment on February 2, 2007. (Doc. #18).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks, to whom this case had previously been assigned. (Doc. #24). In the Report, Magistrate Judge Hendricks recommends that "respondents' motion for summary judgment be granted; the petitioner's motion for summary judgment be denied; and the habeas petition be dismissed with prejudice." (Doc. #24). The petitioner has filed objections to the Report. (Doc. #25).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the

---

This Court will refer to "respondents," as it appears that both the Warden of Broad River Correctional Institute and Henry McMaster, Attorney General of the State of South Carolina filed this motion. (Doc. #'s 15, 16). The Court notes that this distinction does not effect the analysis of the Report, as the Report recommends dismissing the petition for failure to comply with the AEDPA statute of limitations and for failure to state a cognizable federal habeas claim.

2

Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #25). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that respondents' motion for summary judgment be **GRANTED** (Doc. #'s15, 16); the petitioner's motion for summary judgment be **DENIED** (Doc. #18); and the habeas petition be **DISMISSED WITH PREJUDICE** (Doc. #1).[3]

**IT IS SO ORDERED**.

    s/Terry L. Wooten

Terry L. Wooten
United States District Judge

September 21, 2007
Florence, South Carolina

---

[3]This Order hereby renders all other motions **MOOT** (Doc. #7). To the extent that the petitioner's objections to the Report motion to appoint counsel it is deemed **MOOT**. (Doc. #25).

3